UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-24542-CIV-MORENO**

ARMANDO PEREZ,

        Plaintiff,

vs.

CITY OF HIALEAH,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case arises from Defendant City of Hialeah's actions in charging and arresting Plaintiff Armando Perez for alleged misconduct and falsifying public records. Following his acquittal of all charges, Plaintiff initiated the instant action against Defendant. The Court finds that Count I is both time-barred and insufficiently pled. As to Counts II and III, the Court finds that the claims are time-barred. The Court further finds that Plaintiff fails to state a claim as to Counts IV, V, and VI. Accordingly, Defendant's Motion to Dismiss is Granted.

## BACKGROUND

Plaintiff alleges that on April 21, 2021, Miami-Dade State Attorney Katherine Fernande Rundle and Hialeah Police Chief Sergio Velazquez announced the charging of Hialeah Police Officers, including Plaintiff, with five counts of official misconduct and five counts of falsifying public records. The charges were brought following an audit of Plaintiff's activities from January 1, 2020, to June 8, 2020, where the officials determined that Plaintiff had written false tickets and submitted those tickets as evidence of traffic violations. At this time, Plaintiff had served five years

with the Hialeah Police Department. Plaintiff alleges that the charges were brought in retaliation after Chief Velazquez learned that Plaintiff had accepted a position as an investigator with the State. Plaintiff states that he was placed on administrative leave and was informed that he was under investigation on the same day that his employer learned that he had accepted the position with the State. He further states that he made his disagreements with Chief Velazquez's and the City's policies well known, and that he was clear about his desire to leave the City and work for the State.

Plaintiff was fired from his position while awaiting trial. On June 13, 2022, Plaintiff was acquitted of all charges of falsifying public records and misconduct in connection to the allegations. Following his acquittal, Plaintiff was not reinstated to his former position with the City of Hialeah Police Department.

## PROCEDURAL HISTORY

Plaintiff initiated a state court action against Defendant City of Hialeah and Chief Velazquez. Defendant City of Hialeah removed the case to this Court. Following Defendant's initial Motion to Dismiss, Plaintiff amended his Complaint, bringing nine Counts—five against Defendant City of Hialeah, two against Chief Velazquez, and two against both Defendants. Later, the Court dismissed the case without prejudice as to Chief Velazquez for failure to serve the Complaint in compliance with Federal Rule of Civil Procedure 4(m). Accordingly, six Counts remain: Count I: Slander, Count II: False Arrest, Count III: False Imprisonment, Count IV: Wrongful Termination, Count V: Abuse of Process, and Count VI: Malicious Prosecution.

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to

dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Detailed factual allegations are not required, but a complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted).

## DISCUSSION

### I.    Count I: Slander is Time-Barred and Insufficiently Pled

Defendant argues that Count I is time-barred under Florida law. Plaintiff responds that a complaint should not be dismissed on statute of limitations grounds at the motion-to-dismiss stage unless it is apparent from the face of the complaint that the claim is time-barred and that no set of facts could support tolling. As such, Plaintiff asks the Court to preserve Defendant's arguments for later proceedings after discovery, particularly where Plaintiff alleges a continuing course of conduct.

"To recover for libel or slander under Florida law, a plaintiff must demonstrate that: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the [plaintiff] suffered damages as a result of the publication." *Thompson v. Orange Lake Country Club, Inc.*, 224 F.Supp.2d 1368, 1376 (M.D. Fla. 2002) (citing *Valencia v. Citibank Int'l*, 728

3

So.2d 330, 330 (Fla. 3d DCA 1999)). In Florida, "[d]efamation encompasses both libel and slander." *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014).

The Florida legislature has established a two-year statute of limitations period for libel or slander actions. Fla. Stat. § 95.11(5)(h). The statute of limitations begins to run at the time of the initial utterance, not when the harm is discovered. *See Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 114 (Fla. 1993). Although a statute of limitations bar is an affirmative defense, a complaint may be dismissed at the motion-to-dismiss stage "on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (quotation marks omitted); *see also Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) (determining whether dismissal was appropriate at the motion-to-dismiss stage by analyzing whether it was "apparent from the face of the complaint" that plaintiff could, without a doubt, "prove no set of facts that toll the statute").

Paragraph six of the Amended Complaint states: "On April 21, 2021, Miami-Dade State Attorney Katherine Fernande Rundle and Hialeah Police Chief [Sergio Velazquez] announced the charging of Hialeah Police Officers [Armando Perez] and Ernesto Arias-Martinez with Official misconduct and falsifying public records for allegedly writing false tickets and submitting those tickets as evidence of traffic violations." (D.E. 11, ¶ 6). In paragraph twenty-two, Plaintiff states that "[t]he Defendants made slanderous statements that falsely accused the Plaintiff of official misconduct and falsifying public records." (*Id.* ¶ 20).

Taking Plaintiff's factual allegations as true, the slanderous statement was made on April 21, 2021. Under Florida law, Plaintiff's claim would be timely so long as he filed his slander action

4

on or before April 21, 2023. Plaintiff filed his lawsuit on August 1, 2025, more than two years after the expiration of the statute of limitations. Accordingly, Count I is time-barred.

Moreover, Florida adheres to the "single publication rule," which provides that a "cause of action for damages founded upon a single publication or exhibition or utterance, as described in § 770.05, shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state." Fla. Stat. § 77.07. "[T]he purpose of the single publication rule is to avoid continuous litigation following mass dissemination in the modern media." *Swedberg v. Goldfinger's South, Inc.*, 338 So.3d 332, 335 (Fla. 3d DCA 2022). This rule is meant "to protect the defendant—and the courts—from a multiplicity of suits, an almost endless tolling of the statute of limitations, and diversity in applicable substantive law." *Buckley v. New York Post Corp.*, 373 F.2d 175, 180 (2d Cir. 1967). Accordingly, if the Court were to read Plaintiff's Amended Complaint and response in opposition as sufficiently alleging continued dissemination of the original April 21, 2021, slanderous statements, the later disseminations would not toll the statute of limitations. Thus, the Court finds that the facts on the face of the pleadings show that the statute of limitations bars this action, and that it appears beyond a doubt that Plaintiff can prove no set of facts that toll the statute.

The Court understands Plaintiffs arguments regarding the need for discovery and continuing conduct as relating to paragraph twenty-two of the Amended Complaint wherein Plaintiff alleges that Defendant made multiple slanderous comments. Without more, however, the Court is left to wonder: Who made the slanderous comments and who were they reported to? What slanderous comments did Defendant make? When did Defendant make the slanderous comments? How did Defendant make the slanderous comments? Although Plaintiff need not provide extremely detailed factual allegations, he must provide more than labels, conclusions, and

formulaic recitations of the elements of slander. *Twombly*, 550 U.S. at 555 (citation omitted). Accordingly, the Court finds that even if Plaintiff's Amended Complaint alleges slanderous statements made beyond April 21, 2021, Plaintiff has failed to state a claim upon which relief could be granted.

## II.   Count II: False Arrest is Time-Barred

Next, Defendant argues that Count II is time-barred. Plaintiff responds that he has pled a valid claim for false arrest and that dismissal based on statute of limitations arguments is inappropriate at this juncture.

In Florida, false arrest requires proof of "(1) the unlawful detention and deprivation of liberty of a person (2) against that person's will (3) without legal authority or 'color of legal authority' and (4) which is unreasonable and unwarranted under the circumstances." *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So.2d 1266, 1268 (Fla. 4th DCA 2006). In Florida, the statute of limitations for false arrest is four years. Fla. Stat. § 95.11(3)(n). The cause of action for false arrest accrues on the date of arrest. *Leatherwood v. City of Key West*, 347 So.2d 441, 442 (Fla. 3d DCA 1977) (per curiam).

Plaintiff alleges in the Amended Complaint that he was arrested on April 21, 2021. Thus, Plaintiff's claim for false arrest became time-barred on April 21, 2025. Plaintiff filed his lawsuit on August 1, 2025, over three months after the expiration of the statute of limitations. Accordingly, the Court finds that it is apparent from the face of the Complaint that Count II is time-barred and that it appears beyond a doubt that Plaintiff can prove no set of facts that toll the statute.

## III.   Count III: False Imprisonment is Time-Barred

Defendant likewise argues that Count III is time-barred on the face of the Amended Complaint. Plaintiff responds that dismissal based on the statute of limitations is inappropriate at this stage and argues that he has sufficiently pled this claim.

"The tort of false arrest is often used interchangeably with the tort of false imprisonment and, thus, case law discussing false imprisonment is instructive to the tort of false arrest and vice versa." *Florez v. Broward Sherriff's Off.*, 270 So.3d 417, 421 n.1 (Fla. 4th DCA 2019) (citing *Willingham v. City of Orlando*, 929 So.2d 43, 49–50 (Fla. 5th DCA 2006)). False imprisonment in Florida is defined as "'the unlawful restraint of a person against his will, the gist of which actions is the unlawful detention of the plaintiff and the deprivation of his liberty.'" *Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F.3d 1112, 1116 (11th Cir. 2006) (quoting *Escambia Cnty. Sch. Bd. v. Bragg*, 680 So.2d 571, 572 (Fla. 1st DCA 1996)). "In a false imprisonment action the plaintiff is required only to 'establish imprisonment contrary to his will and the unlawfulness of the detention.'" *Id.* (quoting *Rovers v. Dillards Dep't Store, Inc.*, 698 So.2d 1328, 1331 (Fla. 1st DCA 1997)). Florida applies a limitation period of four years for a false imprisonment claim. Fla. Stat. § 95.11(3)(n). The cause of action for false imprisonment accrues on the day of plaintiff's arrest. *Leatherwood*, 357 So.2d at 442.

According to the Amended Complaint, Plaintiff was arrested on April 21, 2021. Thus, Plaintiff's claim for false imprisonment became time-barred on April 21, 2025. Plaintiff filed his lawsuit on August 1, 2025, over three months after the expiration of the statute of limitations. Accordingly, the Court finds that it is apparent from the face of the Complaint that Count III is time-barred and that it appears beyond a doubt that Plaintiff can prove no set of facts that toll the statute.

## IV.     Plaintiff Fails to State a Claim for Count IV: Wrongful Termination

Defendant similarly argues that Count IV is time-barred on the face of the Amended Complaint and that Plaintiff fails to state a claim for wrongful termination. Although Plaintiff responds that dismissal based on the statute of limitations is inappropriate at this stage, Plaintiff provides no argument as to why Count IV is not due to be dismissed for failure to state a claim.

Plaintiff's Amended Complaint states that "[f]ollowing the investigation and arrest on April 21, 2021, Plaintiff was fired from his position at the Hialeah Police Department." (D.E. 11 ¶ 8). He further states that "he was no reinstated to his former position" following his acquittal and that "no effort was made by the City to return Plaintiff to his prior role or to remedy the harm caused by the wrongful termination." (*Id.* ¶ 13). Plaintiff alleges that his "termination was wrongful, done without cause, and in retaliation for Plaintiff accepting a position with the State." (*Id.* ¶ 58).

Although Defendant maintains that Plaintiff's claim is time-barred, the Complaint does not identify the legal basis for Plaintiff's purported wrongful termination claim. Plaintiff neither cites nor invokes any federal or state statute, nor does he allege a contractual basis for relief. As a result, the Court cannot determine which statute of limitations, if any, governs Plaintiff's claim because the applicable limitations period depends on the nature of the cause of action asserted. Accordingly, the Court proceeds with Defendant's arguments under Rule 12(b)(6).

Plaintiff's claim for wrongful termination fails as a matter of law because the Amended Complaint does not allege any legal basis upon which such a claim may proceed under Florida or federal law. Although Plaintiff alleges that Defendant terminated his employment as a result of learning Plaintiff accepted a position with the State, those allegations describe the circumstances

8

surrounding Plaintiff's discharge. They do not establish that the termination was unlawful or give rise to a recognized cause of action.

First, Florida does not recognize an independent common-law tort for wrongful termination. *Rosenweig v. Morgan Stanley & Co., Inc.*, 494 F.3d 1328, 1335 (11th Cir. 2007). Rather, a plaintiff challenging his discharge must identify a contractual provision or a specific statutory cause of action authorizing relief. Here, Plaintiff does neither.

The Amended Complaint contains no allegation that Plaintiff's employment was governed by an employment contract, nor does it identify any contractual provision restricting Defendant's ability to terminate Plaintiff's employment. Without any allegations establishing a contractual limitation on Defendant's right to terminate the employment relationship, the Court presumes Plaintiff was an at-will employee. Under Florida law, "'where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract.'" *DeMarco v. Publix Super Markets, Inc.*, 384 So.2d 1253, 1254 (Fla. 1980) (quoting *DeMarco v. Publix Super Markets, Inc.*, 360 So.2d 134, 125 (Fla. 3d DCA 1978)). Moreover, Florida does not recognize an independent common-law tort for wrongful termination. *Rosenweig*, 494 F.3d at 1335. Plaintiff therefore does not state a claim for wrongful termination by breach of employment contract.

To bring a non-contract claim for wrongful termination in Florida, an employee must rely on statutory causes of action created by the Legislature. *Hartley v. Ocean Reef Club, Inc.*, 476 So.2d 1327, 1330 (Fla. 3d DCA 1985). The Amended Complaint does not invoke any federal or Florida statute prohibiting the alleged conduct, nor does it identify any statutory provision creating a private right of action. Likewise, Plaintiff does not plead facts satisfying the elements of any recognized statutory cause of action.

9

Ultimately, Plaintiff alleges only that he was terminated in retaliation and that his termination was motivated by resentment after Chief Velazquez learned that Plaintiff had accepted a position as an investigator with the State. Even taking those allegations as true, the Complaint fails to identify any federal or state law rendering such conduct unlawful. Absent allegations establishing a contractual restriction on Defendant's right to terminate Plaintiff's employment or identifying a federal or state statute creating a cause of action, Plaintiff has failed to state a claim upon which relief can be granted. Merely characterizing the termination as "wrongful" or "retaliatory" is not enough to survive a motion to dismiss. Federal Rule of Civil Procedure 8 requires more than labels, conclusion, and a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted). Here, Plaintiff's allegations may explain why he believes he was terminated, but they do not identify any recognized legal theory under which that termination gives rise to liability. Thus, Plaintiff has failed in Count IV to state a claim upon which relief can be granted.

## V.    Plaintiff Fails to State a Claim for Count V: Abuse of Process

Defendant next argues that Plaintiff fails to state a claim for abuse of process and that the claim does  not give rise to municipal liability. Specifically, Defendant argues that Count V fails because Plaintiff makes no allegations of fact demonstrating the City engaged in any willful conduct or action after and/or during the pendency of the charges against him. Defendant further argues that under Florida's waiver of sovereign immunity statute, the alleged malicious misconduct by a municipal employee does not give rise to municipal liability. Plaintiff does not respond to Defendant's arguments, but argues that he has pled the elements of a cause of action for abuse of process under Florida law.

"The elements of a cause of action for abuse of process under Florida law are: (1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damages to the plaintiff as a result. *Hadden v. Loar*, No. 15-cv-14416, 2016 WL 10520024, at *5 (S.D. Fla. Dec. 27, 2016) (citing *Hardick v. Homol*, 795 So.2d 1107, 1111 n.2 (Fla. 5th DCA 2001)). "Under Florida law, '[a] cause of action for abuse of process requires a showing of willful and intentional misuse of process for some wrongful and unlawful object or collateral purpose,' that is, it requires use of process in a manner or for a purpose for which it was not intended or a 'perversion of the process after its issuance.'" *Id.* (quoting *Peckins v. Laye*, 443 So.2d 1025, 1026 (Fla. 2d DCA 1983)). Importantly, an improper motive is not, by itself, sufficient to state a claim for abuse of process. *Miami Herald Pub. Co., Div. of Knight-Ridder Newspapers, Inc. v. Ferre*, 636 F. Supp. 970, 975 (S.D. Fla. 1985); *Cazares v. Church of Scientology of California, Inc.*, 444 So.2d 442, 444 (Fla. 5th DCA 1983) ("The maliciousness or lack of foundation of the asserted cause of action itself is actually irrelevant to the tort of abuse of process.").

Plaintiff alleges in Count V that the City:

- "made an illegal, improper, and perverted use of process,"
- "had ulterior motives in exercising the illegal and perverted process"
- "instituted false and malicious charges against Plaintiff to harass, intimidate, and retaliate against him for his employment decisions"
- "permitted the use of its police powers and legal process to be manipulated for private motives unrelated to the proper administration of justice,"

(D.E. 11 ¶¶ 62–73; 96–98). As a result, Plaintiff alleges that he has "suffered damages including emotional distress, humiliation, reputational harm, lost income, legal expenses, and loss of liberty." (*Id.* ¶¶ 96–98).

Because Plaintiff does not allege that process was abused after the action was commenced, that is, after the charges were filed against him, he cannot plausibly claim abuse of process. In his Amended Complaint, Plaintiff contends that the abuse of process was the actual filing of the criminal charges against him. He argues that the City used criminal charges to harass, intimidate, and retaliate against him. Because he challenges the initiation of the criminal prosecution against him rather than some improper or illegal act after that prosecution began, his abuse of process claim is not viable as a matter of law and must be dismissed. *See Scopellitti v. City of Tampa*, 677 F. App'x 503, 508–09 (11th Cir. 2017) (affirming district court's dismissal of abuse of process claim when plaintiff "challenged the issuance of the Criminal Report Affidavits and not any improper act after the prosecution began").

## VI.   Plaintiff Fails to State a Claim for Count VI: Malicious Prosecution

Finally, Defendant argues that Plaintiff fails to state a claim under Florida law for the tort of malicious prosecution because Florida prohibits claims for malicious prosecution against a municipality. Plaintiff argues that the City is liable for the tort of malicious prosecution committed by its employee under § 768.28(9).

To state a cause of action for malicious prosecution in Florida, a plaintiff must allege the following elements

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Cohen v. Corwin*, 980 So.2d 1153, 1155 (Fla. 4th DCA 2008) (quoting *Alamao Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1355 (Fla. 1994)). For a malicious prosecution claim to succeed under

Florida law, the prosecution must have been initiated both without probable cause and with malice. *See Beizer v. Judge*, 743 So.2d 134, 136 (Fla. 4th DCA 1999).

Defendant argues that Count VI is barred by sovereign immunity. The Court agrees. Florida Statute 768.28(9)(a) provides governmental entities sovereign immunities from certain claims and states:

> The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. 768.28(9)(a); *see also Johnson v. State Dep't of Health & Rehab. Servs.*, 695 So.2d 927, 930 (Fla. 2d DCA 1997) (citing several cases for the proposition that "[s]ection 768.28(9)(a) bars an action for malicious prosecution against the state or its subdivisions arising from the malicious acts of their employees"). Indeed, "Florida courts have long recognized that Fla. Stat. § 768.28(9)(a) . . . bars claims for . . . malicious prosecution" against the State and its subdivisions. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1330 (11th Cir. 2015). As a municipality of the State of Florida, Defendant is not liable for the tort of malicious prosecution. Accordingly, Count VII must be dismissed.

## CONCLUSION

For the reasons stated above, it is

**ADJUDGED** that Defendant's Motion to Dismiss is **GRANTED.** The Clerk is directed to close the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 of August, 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

13